UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BRETT T. BERGERON                                   CIVIL ACTION

VERSUS                                              NUMBER: 12-2520

STEVE RADER, WARDEN                                 SECTION: "N"(5)


### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Brett T. Bergeron, and the State's response thereto. (Rec. docs. 1, 11). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Bergeron's petition be dismissed with prejudice as time-barred.

Petitioner Bergeron is a state prisoner who is presently incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On March 6, 2007, Bergeron and co-defendant Adrain J. Young were charged via a bill of information with five counts of armed robbery.[1]  On April 12, 2007, pursuant to a plea agreement with the State, Bergeron pled guilty to each of the five counts of

---

[1] St. Rec. Vol. 1 of 2.

armed robbery.[2]  Bergeron was sentenced in Orleans Parish Criminal District Court to 20 years imprisonment on each count, with his sentences to run concurrently and without benefit of parole, probation, or suspension of sentence.[3]  Bergeron did not directly appeal his conviction which thus became final thirty days later, or May 14, 2007,[4] when the time prescribed by La. Code Crim P. art. 914(B)(1) expired and no motion for appeal was made.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further review in the state courts expires).

Thereafter, on April 9, 2009, almost two years after his conviction had become final, Bergeron's counsel filed an application for post-conviction relief.[5]  On September 14, 2009, the district court denied Bergeron post-conviction relief.[6]  A

---

[2]Id.

[3]Id.

[4]The last day fell on Saturday, May 12, 2007.  Therefore, the finality date is the next business day, Monday, May 14, 2007. Fed.R.Civ.P. 6(a)(1)(C) (weekends are not included in the calculation of period when it would be the last day of the period); La.Code Crim P. art. 13 (weekends are not included in the calculation of period when it would be the last day of the period).

[5]St. Rec. Vol. 1 of 2, docket master, p. 2.

[6]Id. at p. 3.

recitation of the remainder of Bergeron's state court proceedings is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of l996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996), a petitioner must bring his habeas petition within one year of the date his conviction became final.[7]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Bergeron's conviction was final on May 14, 2007, when he

---

[7]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. §2244(d).

did not timely seek further review of his April 12, 2007 conviction.

Therefore, under a literal application of the statute, Bergeron had until May 14, 2008, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir.1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir.1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Bergeron has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record

reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Holland v. Florida, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to file a timely federal petition and in failing to communicate with the client during a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir.2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir.2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at

300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

[Section] 2244(d)(2) provides that the period during

> which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F.Supp.2d 771, 771–72 (D.Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306–307 n.4 (5th Cir.2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999)); Smith v. Ward, 209 F.3d 383, 384–85 (5th Cir.2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  Carey v. Saffold, 536 U.S. 214, 219–20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

7

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir.2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686–88 (5th Cir.2005).

The one-year AEDPA limitations period began to run in Bergeron's case on May 14, 2007, when his conviction became final. Because Bergeron had no properly filed state post-conviction or other collateral review pending during the subsequent year, the limitations period ran uninterrupted until May 14, 2008, when it expired.  Bergeron had no properly filed state post-conviction proceeding pending until almost one year later when, on April 9, 2009, Bergeron's counsel filed an application for post-conviction

8

relief in the state district court.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the petition of Brett T. Bergeron for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be dismissed with prejudice as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United States Auto Assoc., 79 F. 3d 1415 (5th Cir. 1996)(en banc).[8]

New Orleans, Louisiana, this __16th__ day of _____July_____, 2013.

*signature*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[8] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

9